# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA J. LAY, ) | NO. EDCV 05-398-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on May 16, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 16, 2005. Plaintiff filed a motion for summary judgment on

October 24, 2005.  Defendant filed a cross-motion for summary judgment on November 22, 2005.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed May 23, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based primarily on anxiety, a sleep disorder, and chronic fatigue syndrome (Administrative Record ("A.R.") 185).  An Administrative Law Judge ("ALJ") initially found Plaintiff not disabled, but the Appeals Council remanded because, inter alia, the record lacked medical documentation from Plaintiff's treating psychiatrist, Dr. Williams (A.R. 122-28, 173-75).  On remand, a second ALJ found Plaintiff not disabled, and the Appeals Council denied review (A.R. 3-5, 12-19).

Plaintiff then sought this Court's review of the denial of benefits.  See Lay v. Barnhart, No. EDCV 03-1135-E.  The Court found that the second ALJ failed to comply with the Appeals Council's order to obtain additional evidence from Dr. Williams, and remanded the case for further administrative action (A.R. 441-47).

Following this remand, in a February 23, 2005 decision, the ALJ found that Plaintiff suffers from obesity and depression, but retains the residual functional capacity to perform light work, with limited contact with the general public (A.R. 353).  The ALJ found not credible Plaintiff's testimony regarding "excess" pain and limitations (A.R. 353).  In reliance on vocational expert testimony, the ALJ found

there are a significant number of jobs that Plaintiff can perform. Id. The ALJ therefore found Plaintiff not disabled.[1] Id.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

**I.     The ALJ Erroneously Failed to Discuss the Opinion of the State Agency Physician, Dr. Gross.**

Plaintiff argues the ALJ improperly ignored the medical opinion provided by Dr. Gross, a consulting psychiatrist. Dr. Gross submitted Psychiatric Review Technique and Mental Residual Functional Capacity Assessment forms indicating that Plaintiff has moderate limitations in various aspects of her social functioning, memory, concentration, and persistence (A.R. 513-19). Dr. Gross also opined that Plaintiff can remember short and simple instructions, and her concentration and attention "should be adequate for simple repetitive tasks," but Plaintiff lacks the ability to engage in social interactions with the

---

[1] Because the Appeals Council did not assume jurisdiction of the case following the ALJ's February 23, 2005 decision, that decision stands as the final decision of the Commissioner. See 20 C.F.R. §§ 404.984(a), 416.1484(a).

3

public (A.R. 519).  The ALJ's decision makes no specific mention of Dr. Gross' opinion (A.R. 350-55).

Social Security Ruling ("SSR") 96-6p states that "[f]indings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources . . . ."[2]  Consequently, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions."  SSR 96-6p.  The ALJ erred by failing to discuss the weight given to Dr. Gross' opinion.  The possibility that Dr. Gross' opinion, if credited, might have had a material effect on the ALJ's findings regarding Plaintiff's residual functional capacity prevents this Court from deeming the error harmless.

**II.    The ALJ Erroneously Failed to Make the Necessary Findings Regarding Plaintiff's Functional Limitations Due to Her Alleged Mental Impairment.**

Where a claimant asserts disability based on a mental impairment, the ALJ's decision must make specific findings as to the degree of the claimant's limitations in each of four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of

---

[2]   Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

1  decompensation.  20 C.F.R. § 404.1520a(c)(3), (c)(4), and (e)(2); 20
2  C.F.R. § 416.920a(c)(3), (c)(4), and (e)(2).  The ALJ erred in failing
3  to include such findings in his decision (A.R. 350-55).  The Court is
4  unable to conclude that this error was harmless.  See, e.g., Gutierrez
5  v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000) (where there was a
6  colorable claim of a mental impairment, the ALJ's failure to complete
7  a Psychiatric Review Technique Form and append it to the decision, as
8  required by former 20 C.F.R. section 404.1520a, required a remand);
9  Lindsay v. Barnhart, 370 F. Supp. 2d 1036, 1044-45 (C.D. Cal. 2005)
10 (ordering remand where the ALJ, inter alia, failed to make the
11 specific findings required under 20 C.F.R. section 404.1520a(c)(2)-
12 (c)(4) regarding the plaintiff's functional limitations).

**III.    The ALJ Erroneously Failed to Address the Lay Witness Evidence Supplied by Plaintiff's Husband.**

Plaintiff argues the ALJ improperly ignored the lay witness "testimony" of Plaintiff's husband, Ronald Lay.  In a Daily Activities Questionnaire dated February 27, 2001, Mr. Lay provided his observations regarding Plaintiff's alleged impairments and their asserted impact on Plaintiff's daily activities (A.R. 198-203). Although the statements made by Mr. Lay in the Daily Activities Questionnaire are consistent with Plaintiff's testimony regarding her limitations, the ALJ's decision does not mention Mr. Lay's potentially corroborative statements (A.R. 350-55).

///
///
///

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant. See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999). "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 CFR § 404.1513(e)(2) ("[o]bservations by non-medical sources" "may also help us to understand how your impairment affects your ability to work"). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); accord Polny v. Bowen, 864 F.2d 661, 664 (9th Cir. 1988); Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. The standards discussed in these authorities, however, would appear equally applicable to the written statements submitted in this case. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations). Therefore, the Court concludes that the ALJ erred in failing to discuss the statements of Mr. Lay. Again, the Court is unable to conclude that this error was harmless.

///
///
///

**IV.  Remand Is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).[3]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 5, 2005.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　CHARLES F. EICK
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not and has not adjudicated any of Plaintiff's other challenges to the Administration's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.